**Wesley Wayne HUGGINS**

v.

**Linda Sue Huggins EMORY.**

Supreme Court of Tennessee.

May 1, 1972.

Dan Garfinkle, Jacobs H. Doyle, Nashville, for appellant.

Thomas Wardlaw Steele, Rutherford, Crockett & Guenther, Nashville, for appellee.

## OPINION

McCANLESS, Justice.

Wesley Wayne Huggins on May 13, 1968, filed his bill for divorce against Linda Sue Huggins in the Probate Court of Davidson County. The bill recited that "the parties own as tenants by the entireties their home at Route 2, Pinhook Road, Antioch, Tennessee, and some furniture contained therein." The fourth prayer of the bill was: "That all right, title and interest in and to the property described herein be divested out of the defendant and vested in the complainant."

The defendant answered the bill and filed her cross-bill which the complainant, as cross-defendant, answered.

After the issues were thus joined the parties entered into a settlement by which they agreed that Huggins would pay Mrs. Huggins $1,000.00 and assume an obligation to pay for $1,000.00 worth of furniture. In addition he agreed to pay her $15.00 a week for the support of the youngest child. The agreement provided for the custody of the children and that any decree of divorce which might hereafter be granted should contain this agreement.

The following is included in the agreement and is that part of it with which we are now concerned:

"In addition, Wesley Wayne Huggins will pay a reasonable fee to Linda Sue Huggins' solicitor of record not to exceed $150.00. However, Linda Sue Huggins releases any claim that she may have to any real estate, personal property, or any other claims of any nature."

On December 5, 1968, the court granted the complainant an absolute divorce from the defendant. The decree included a copy of the agreement but did not divest title to the seventeen acre tract out of the defendant and vest it in the complainant.

On April 9, 1968, the complainant filed a petition in the divorce suit in which he averred that he had met his obligations under the agreement but that "the defendant now refuses to execute a deed to petitioner of her interest in said land to carry out the balance of said decree." The petition prayed for a decree divesting title to the seventeen acre tract out of the defendant and vesting it in the petitioner.

The Probate Court treated the petition as a bill of review to correct an error apparent on the face of the divorce decree. The defendant demurred. The court sustained the demurrer and dismissed the petition. The petitioner filed a petition to rehear which the court overruled, finding that "there was no error on the face of the decree or otherwise."

The petitioner perfected his appeal to the Supreme Court from the judgment of the Probate Court. We affirmed the judgment.

Wesley Wayne Huggins filed his original bill in this cause in the Chancery Court at Nashville against his former wife, now Linda Sue Huggins Emory. The bill describes the real estate the parties owned and the agreement they had entered into during the pendency of their divorce suit. The complainant averred that he has complied with his obligations under the agreement but that the defendant has refused to carry out her part of the agreement by executing to the complainant a quit claim deed to the real estate and that it is the only property owned by the parties. He further averred that her failure to execute such a deed constitutes a cloud on his title to the property, preventing him from enjoying all the rightful incidents of ownership.

The complainant prayed that the right, title and interest of the defendant to the real estate be divested out of her as a cloud on the complainant's title and vested in him.

The defendant first filed a plea in abatement to the bill and upon its being overruled she filed her answer. She asserts the defense of *res adjudicata,* insisting that the judgment of the Probate Court in the divorce suit, in which the court dismissed the bill of review, is a bar to the present suit.

The record of the proceeding in the Probate Court is made a part of the record in this cause. Neither party offered any testimony or other evidence.

The Chancellor granted the relief for which the complainant prayed. In his decree he found:

". . . that the sole issue in this cause was the proper construction and interpretation of the property settlement agreement between these parties which was incorporated in the decree of the Probate Court of Davidson County, Tennessee, pronounced in the divorce case between them, and that further it appeared to the Court that said decree and property settlement agreement were unambiguous in that from a reading of the same it was manifestly the intent of the parties that the defendant released any and all interest and claims of every kind and nature which she had in and to the real estate owned by the parties, and that, there being no real estate owned by the parties other than that described in

the original complaint filed herein, there is no necessity for the hearing of proof offered by the plaintiff·on the question of the interpretation, construction and meaning of said decree and property settlement agreement, . . ."

The defendant has appealed and assigned four errors, the third of which is determinative of the case:

"The court erred in failing to sustain the defendant's defense of res adjudicata and dismiss the complainant's bill."

■ The complainant contends that the dismissal of its bill of review was a dismissal that was not on the merits and that the judgment dismissing that bill is not a bar to this suit. The dismissal of the bill of review was predicated on Section 36–830, T.C.A., which provides that "[i]n divorce cases an appeal shall be the only mode of reviewing errors." This was not a judgment based on the merits of the case.

In Hurst v. Means, 34 Tenn. 546 [1855], our Supreme Court, in an opinion by Judge Caruthers, said:

"It is only a judgment on the merits of a cause of action that is a bar to a subsequent suit."

In Harris & Cole Bros. v. Columbia Water and Light Co., 114 Tenn. 328, 85 S.W. 897 [1904], the Court said with reference to pleas of *res adjudicata:*

"Another one of the essentials to this plea, as we have already seen, is that the former judgment must have been upon the merits of the case."

■ The defendant insists that this suit must fail because the Chancery Court, not being a court of review, cannot "amend, modify, or correct" the divorce decree of the Probate Court. Granting that this broad statement is correct it can have no application to this cause. This is a suit to remove a cloud on a title, one of a class of suits in which courts of chancery historically have enforced their jurisdiction.

Johnson v. Cooper, 10 Tenn. 524 [1831]. Its purpose is to declare and enforce the title of the complainant to the real estate in the suit and is in no wise a proceeding to review the judgment in the divorce case in the Probate Court.

We concur in the reasoning and in the conclusion of the Chancellor and affirm his decree.

DYER, C. J., HUMPHREYS, J., and MILES, Special Justice, concur.

CRESON, J., dissents.