**Roscoe H. GOEKE, Plaintiff,**

v.

**Gary Wayne WOODS, Defendant/Third Party Plaintiff–Appellant,**

v.

**Linda Ruth WOODS, Third Party Defendant–Appellee.**

Supreme Court of Tennessee, at Nashville.

Sept. 25, 1989.

Richard S. Maxwell, Nashville, for defendant/third party plaintiff-appellant.

William R. O'Bryan, Jr., Mary Thomson LeMense, Trabue, Sturdivant & DeWitt, Nashville, for third party defendant-appellee.

## OPINION

DROWOTA, Chief Justice.

In this case, husband third-party plaintiff recovered a judgment on a debt against his former wife, the third-party defendant. The Court of Appeals reversed and dismissed holding that the action was barred by the *res judicata* effect of the parties' divorce proceedings. Other issues pertaining to the trial were pretermitted. We hold that the third-party complaint is not barred by *res judicata* and remand to the Court of Appeals for consideration of the pretermitted issues.

## I.

This case arises out of the divorce of Gary and Linda Woods. In 1980 prior to their divorce, the Woods purchased a 10 acre lot in Goodlettsville with a house, barn and warehouse building. In order to make the purchase, they assumed the sellers' mortgage as well as taking a one-year second mortgage from the seller in the amount of $37,046.90. When the principal on the second mortgage came due at the end of the year, Plaintiff Roscoe Goeke, father of Linda Woods, wrote a check to Gary Woods for $37,000 to pay it off. Gary Woods gave no note to evidence the debt and Mr. Goeke took no security. Shortly after the transaction, Mr. Woods began making monthly payments to his father-in-law. It is this transaction which is the focal point of the dispute.

The Woods were divorced on April 16, 1984, on grounds of irreconcilable differences. The agreed property settlement which was incorporated into the judgment of divorce provided for Mr. Woods to relinquish his ownership interest in the Goodlettsville property to his wife with Mrs. Woods specifically assuming liability for the first mortgage. Mr. Woods assumed responsibility for all joint debts provided he was fully aware of them. The property settlement agreement, however, contained no reference to the $37,000.00 transaction with Mr. Goeke.

Mr. Goeke filed the instant action for debt against Gary Woods on December 7, 1984, alleging that the $37,000 transaction was a loan and that Mr. Woods still owed over $37,000 in principal and accumulated interest. Rather than answering straightway, Mr. Woods filed a motion pursuant to Rule 60.02(1), T.R.C.P., in the trial court which had granted the divorce, to amend the final divorce decree. The motion alleged that the parties had agreed that Mrs. Woods would assume this debt, but that by reason of excusable neglect or mistake of counsel, a provision to that effect was inadvertently omitted from the property settlement. Alternatively, Mr. Woods alleged that the transaction was a gift from Mr. Goeke to be credited to Mrs. Woods' inheritance. The motion purported to reserve the right to amend to include allegations of fraud, misrepresentation or misconduct depending on the response of Mrs. Woods.

Affidavits were filed by both sides and a hearing was held. During the course of the hearing, counsel brought out the fact that Mr. Woods had remarried after the divorce. The trial court then issued the following ruling:

[T]he court found that because of the remarriage of Gary Wayne Woods, he was estopped from complaining about the provisions of the Child Custody and Property Settlement Agreement incorporated into the Final Decree of Divorce ... and further found that Rule 60 of the Tennessee Rules of Civil Procedure did not vest the Court with authority to make any change in such an agreement which is the basis for a divorce on the grounds of irreconcilable differences for the reason that said Child Custody and Property Settlement Agreement upon which the Court acted in granting the divorce in this cause was a jurisdictional matter.

Mr. Woods did not appeal from the order and it became final.

Mr. Woods then answered the complaint in the instant case, denying liability, and, in addition, he filed a third-party complaint against his former wife, alleging that if Mr. Goeke recovered a judgment against him, Mrs. Woods should be found liable for the debt under the property settlement

agreement. Alternatively, he alleged that she agreed to assume liability for the debt if he would sign the property settlement agreement. In addition, he alleged theories of fraud and estoppel. Mrs. Woods' answer raised *inter alia* the defense of *res judicata* based on the prior divorce action.

The case was tried by a jury. The trial court denied Mrs. Woods' motion for a directed verdict based on *res judicata* at the conclusion of Mr. Woods' proof. Although it is unnecessary to detail the evidence produced at trial, we observe that the parties basically introduced the same evidence submitted with the earlier Rule 60 motion. In response to special interrogatories, the jury found that the transaction was a loan to both Woods, that the property settlement agreement did not relieve Mrs. Woods of her responsibility to repay the loan, and that she had promised to assume the debt owed her father in exchange for Mr. Woods' promise to sign the property settlement agreement. The trial court entered judgment for Mr. Goeke against Mr. Woods in the amount of $47,102.00 (the unpaid principal plus accrued interest) and awarded Mr. Woods a judgment over against Mrs. Woods in the same amount.

Mr. Woods did not appeal the plaintiff's judgment against him. Mrs. Woods appealed the judgment against her and in favor of Mr. Woods, raising the issue of whether the disposition of the Rule 60 motion barred the third party action. The Court of Appeals held that the divorce court had jurisdiction over the Rule 60 motion; that both cases involved the same cause of action, to-wit: whether the third-party defendant assumed the debt; and that even if erroneous, the Rule 60 motion was final and concluded Mr. Woods' rights on the merits. Because the divorce court expressly found that it was precluded "as a jurisdictional matter" from granting Rule 60 relief, we hold that the disposition of the Rule 60 motion was not on the merits, and that it cannot be asserted as a bar to the subsequent action.

## II.

In *Massengil v. Scott*, 738 S.W.2d 629 (Tenn.1987), we summarized the relat-ed doctrines of *res judicata* and collateral estoppel.

The doctrine of res judicata bars a second suit between the same parties or their privies on the same cause of action with respect to all issues which were or could have been litigated in the former suit. Collateral estoppel operates to bar a second suit between the same parties and their privies on a different cause of action only as to issues which were actually litigated and determined in the former suit.

*Id.* at 631.

In order for *res judicata* to apply, however, the prior judgment must conclude the rights of the parties on the merits. *A.L. Kornman Co. v. Metropolitan Government*, 216 Tenn. 205, 391 S.W.2d 633, 636 (1965).

It is the general rule that a personal judgment for the defendant does not bar another action on the same claim if the judgment is one of dismissal for lack of jurisdiction. See RESTATEMENT (SECOND) OF JUDGMENTS § 20(1)(a) (1982); 46 Am.Jur.2d *Judgments* § 477 (1969). Tennessee law is in accord with the general rule. Rule 41.02(3), Tenn.R.Civ.P. provides:

(3) Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this Rule 41, *other than a dismissal for lack of jurisdiction* or for improper venue or for lack of an indispensable party, operates as an adjudication upon the merits.

[emphasis added]. A dismissal for lack of jurisdiction is thus not an adjudication on the merits under this rule.

Our prior case law also supports this conclusion. In *Huggins v. Emory*, 484 S.W.2d 351 (Tenn.1972), a case whose operative facts predated the adoption of the Tennessee Rules of Civil Procedure, the property settlement agreement in the parties' divorce action provided for the wife to release all claims to the parties' real property. The decree, however, did not divest title out of the wife and vest it in the husband. The husband brought suit to correct the error in Probate Court, but the

court dismissed the action based on T.C.A. § 36–830 which at that time provided that an appeal was the only mode of reviewing errors in a divorce action. This Court affirmed. The husband then brought an action in equity to remove a cloud on the title, to which the wife set up the Probate Court judgment as a defense under *res judicata.* On appeal from a ruling in favor of the husband, this Court affirmed, holding that the *res judicata* defense failed because the earlier action in the Probate Court was not a judgment on the merits and did not bar the subsequent equity action (which in addition was not barred by § 36–830).

The instant case is remarkably similar to *Huggins v. Emory.* In ruling on the Rule 60 motion, the trial court made no decision one way or the other regarding any of the applicable grounds for Rule 60 relief, i.e., mistake, inadvertence, excusable neglect, or fraud. Rather, the trial court expressly stated that it had no authority to disturb its decree.

■ We reject any suggestion that since the trial court also found that Mr. Woods' remarriage estopped him from obtaining Rule 60 relief, the Rule 60 ruling went to the merits. Assuming *arguendo* that the ruling on the estoppel effect of Mr. Woods' remarriage was on the merits, it was without effect in this case. A decision on the merits presupposes that the court has jurisdiction. Ordinarily, a court's exercise of jurisdiction implies a determination that it has jurisdiction, whether or not the determination is made express. 20 Am.Jur.2d *Courts* § 92 (1965). But if a court's decision rests on alternative determinations, one of which is an express determination that the court lacks jurisdiction, then the determination on the merits is without effect and does not bar a subsequent action on *res judicata* grounds. See RESTATEMENT (SECOND) OF JUDGMENTS § 20, Comment (e) (1982).

■ This does not mean that a decision dismissing a case for lack of jurisdiction is without preclusive effect. *Res judicata* applies to questions of jurisdiction, if jurisdiction is litigated or determined by the court. *American Surety Co. v. Baldwin,* 287 U.S. 156, 166, 53 S.Ct. 98, 101, 77 L.Ed. 231 (1932). The preclusive effect of a dismissal for lack of jurisdiction is, however, limited to the matters actually decided, and is not binding as to all matters which could have been raised. See *Equitable Trust Co. v. Commodity Futures Trading Commission,* 669 F.2d 269, 272 (5th Cir.1982); *Acree v. Airline Pilots Association,* 390 F.2d 199, 203 (5th Cir.), *cert. denied,* 393 U.S. 852, 89 S.Ct. 88, 21 L.Ed.2d 122 (1968). A judgment dismissing a suit for lack of jurisdiction does not preclude a party from litigating the same cause of action in a court of competent jurisdiction; it does preclude the relitigation of the issue of whether the first tribunal had jurisdiction. *Magnus Electronics, Inc. v. La Republica Argentina,* 830 F.2d 1396, 1400 (7th Cir.1987). The preclusive effect is similar to that which goes by the name of collateral or direct estoppel in this jurisdiction or by "issue preclusion" in the Restatement (Second) of Judgments § 27 (1982).

In the instant case, Mr. Woods did not appeal the dismissal of the Rule 60 motion for lack of jurisdiction. It became final and binding on the parties. It is not necessary for us to address whether the trial court's jurisdictional ruling was correct. It is the preclusive effect of the unappealed final judgment, erroneous or otherwise, which is at issue. Under the principles we have discussed, the dismissal of the Rule 60 motion did not preclude the subsequent third party action against Mrs. Woods. Because the dismissal was on jurisdictional grounds, it is irrelevant whether the subsequent action was based on the same or on a different claim as the first action.

The judgment of the Court of Appeals is reversed, and the cause is remanded to that Court for consideration of the pretermitted issues. Costs incident to the appeal to this Court will be taxed to Appellee Linda Woods. All other costs will be determined on remand.

FONES, COOPER, HARBISON and O'BRIEN, JJ., concur.