# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

**FILED**

**May 29, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

DONALD R. McMAHAN,               )
                                 )
    Petitioner/Appellant,        )
                                 )    Appeal No.
                                 )    01-A-01-9711-CH-00681
VS.                              )
                                 )    Davidson Chancery
                                 )    No. 97-163-III
CANDACE WHISMAN,                 )
TENNESSEE DEPARTMENT OF          )
CORRECTION,                      )
                                 )
    Respondent/Appellee.         )


APPEALED FROM THE CHANCERY COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE ELLEN HOBBS LYLE, CHANCELLOR

DONALD R. McMAHAN, #126698
Northeast Correctional Center
P. O. Box 5000
Mountain City, Tennessee 37683
    Pro Se/Petitioner/Appellant

JOHN KNOX WALKUP
Attorney General and Reporter

PATRICIA C. KUSSMANN
Assistant Attorney General
Second Floor, Cordell Hull Building
425 Fifth Avenue North
Nashville, Tennessee 37243
    Attorney for Respondent/Appellee

AFFIRMED AS MODIFIED
AND REMANDED


BEN H. CANTRELL, JUDGE

CONCUR:
TODD, P.J., M.S.
KOCH, J.


# O P I N I O N

The Chancery Court of Davidson County ruled that it lacked jurisdiction over a Petition for Declaratory Judgment filed by a prisoner in the custody of the Tennessee Department of Correction, and it dismissed the petition with prejudice. We affirm the dismissal, but we amend it to be without prejudice.

## I. Facts and Prior Proceedings

Donald R. McMahan was convicted in the Criminal Court of Hamblen County of multiple counts of drug possession. He was sentenced on March 28, 1989, receiving sentences amounting to 35 years for possession of schedule II drugs and 7 years for possession of cocaine. The sentences were ordered to run consecutively, for a total of 42 years.

Mr. McMahan was transferred to the Carter County Work Camp in 1992 and placed on work release. On July 23, 1993, officers of the facility found four grams of marijuana at the foot of his bed, which they claimed belonged to him. The prisoner was tried in the Carter County Criminal Court, and was convicted on February 21, 1995 of having contraband in a penal facility. He received a three year sentence, to be served consecutively to his original sentence.

At the time of his transfer to the work camp, Mr. McMahan had been presented with a document entitled Assignment of Responsibility, which he signed, and which read in relevant part:

> "I understand that if I am convicted of a felony except escape committed while on work, educational, restitution, or other program which allows me the privilege of supervised or unsupervised release into the community I must serve the remainder of my term without parole or further participation in such programs . . . this is consistent with the laws of Tennessee, specifically 40-28-123 (b)(1)."

After he was sentenced, Mr. McMahan was notified that his release eligibility date (RED), which is the earliest date that a prisoner may be considered for release, had been moved forward from the year 1999 to the year 2029.

On September 6, 1996, Mr. McMahan addressed a document which he captioned "Declaratory Order of Exhaustion of Administrative Rights to Be Enforced," to Candace Whisman, a sentence analyst with the Sentence Information Services of the Department of Correction. The document contained argument to the effect that a mere record clerk had no right to alter a prisoner's RED, and a request that Mr. McMahan's previous RED of 1999 be restored. There was apparently no response to the document.

The prisoner subsequently filed a Petition for Declaratory Judgment in the chancery court, which contained the same arguments and same request for relief as in the document he previously submitted to Ms. Whisman. The chancery court stated that the petitioner had not followed the procedures that are required before the court may review the action of an administrative agency, and it dismissed the petition with prejudice. This appeal followed.

## II. Jurisdiction

The Uniform Administrative Procedures Act (UAPA), Tenn. Code Ann. § 4-5-101 et seq., provides a mechanism for judicial review of the actions of state administrative agencies. Under the Act, an individual must first petition the agency itself for a declaratory order as to "the validity or applicability of a statute, rule, or order within the primary juridiction of the agency." Tenn. Code Ann. § 4-5-223.

Upon receiving such a petition, the agency may convene a contested case hearing and issue a declaratory order, or it may refuse to issue a declaratory

order. In either case, the petitioner is entitled at that point to apply to the court for a review of the agency's action, through a Petition for Declaratory Judgment. Tenn. Code Ann. § 4-5-224.

As the Chancellor noted, the Department of Correction has also established specific procedures for internal review of its actions, which a prisoner must comply with before taking the ultimate administrative step of filing a Petition for a Declaratory Order with the legal office of the department. Mr. McMahan did not follow any of these procedures, nor did he send a Petition for a Declaratory Order to the proper parties, but instead sent a document of his own design to a department employee who lacked the authority to grant him the relief that he sought.

It appears from the caption of the document Mr. McMahan submitted to Ms. Whisman that he was aware of the need to exhaust his administrative remedies before he would be permitted to apply for judicial review, and that the procedures to follow included applying for a declaratory order. While we recognize that a prisoner who is unversed in the law and is acting pro se may not be held in every instance to the same standards that are imposed on a licensed attorney, we do not believe that any litigant can confer jurisdiction on a trial court under the UAPA without following the requirements of the statute and of relevant regulations. We therefore affirm the action of the trial court in dismissing the petition for lack of jurisdiction.

An involuntary dismissal for lack of jursidication is generally considered not to be an adjudication on the merits. See Rule Tenn.R.Civ. P. 41.02(3), *Goeke v. Woods*, 777 S.W.,2d 347, 349 (Tenn. 1989). We therefore do not believe that Mr. McMahan should be precluded from further access to the courts, if he pursues his administrative remedy to an unsuccessful condusion, and we amend that portion of the trial court's order that would have had the effect of cutting him off from such access.

### III.

We affirm the action of the trial court, but declare its dismissal to be without prejudice. Remand this cause to the Chancery Court of Davidson County for further proceedings consistent with this opinion. Tax the costs on appeal to the appellant.

_____
BEN H. CANTRELL, JUDGE

CONCUR:

_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION

_____
WILLIAM C. KOCH, JR., JUDGE

## IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

| | | |
|---|---|---|
| DONALD R. McMAHAN, | ) | |
| | ) | |
| Petitioner/Appellant, | ) | |
| | ) | Appeal No. |
| | ) | 01-A-01-9711-CH-00681 |
| VS. | ) | |
| | ) | Davidson Chancery |
| | ) | No. 97-163-III |
| CANDACE WHISMAN, | ) | |
| TENNESSEE DEPARTMENT OF | ) | |
| CORRECTION, | ) | |
| | ) | |
| Respondent/Appellee. | ) | |

# J U D G M E N T

This cause came on to be heard upon the record on appeal from the Chancery Court of Davidson County, and briefs of the parties; upon consideration whereof, this Court is of the opinion that in the decree of the Chancellor there is no reversible error. However, we find that the dismissal of the petition should be without prejudice.

In accordance with the opinion of the Court filed herein, it is, therefore, ordered and decreed by this Court that the decree is affirmed as modified. The cause is remanded to the Chancery Court of Davidson County for the enforcement of the decree and for the collection of the costs accrued below.

Costs of this appeal are taxed against Donald R. McMahan, Principal, for which execution may issue if necessary.

_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION


_____
BEN H. CANTRELL, JUDGE


_____
WILLIAM C. KOCH, JR., JUDGE