IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
JANUARY 22, 2004 Session

## DENNIS ALLEN, ET AL. v. CITY OF MEMPHIS, TENNESSEE, ET AL.

Direct Appeal from the Chancery Court for Shelby County
Nos. CH-01-2356-1 & CH-02-1801-1 (III)     D. J. Alissandratos, Chancellor

No. W2003-00695-COA-R3-CV
No.  W2003-00396-COA-R3-CV - Filed June 22, 2004

This appeal raises the validity of an ordinance passed by the City of Memphis annexing a portion of Shelby County.  Appellants contend that Appellees violated the Open Meetings Act when such ordinance was passed.  All parties filed motions for summary judgment and the trial court granted Appellees' motion.  For the following reasons, we reverse the decision of the trial court and remand for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Reversed and Remanded**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and DAVID R. FARMER, J., joined.

Richard L. Winchester, Jr., Memphis, TN, for Appellants Dennis Allen, Dan Hesse, Charles Tolar and Robert Webb

John McQuiston, II, Memphis, TN, for Appellants Mid-America Apartment Communities, L.P., and Rockcreek Plaza Apartments, L.P.

Allan J. Wade, Memphis, TN, for Appellees

**OPINION**

**Facts and Procedural History**

On March 21, 1995, the City of Memphis approved a resolution to annex a portion of Shelby County known as the Bridgewater/Countrywood/Eads annexation area. As it was stated in the transcript of the public hearings, the purpose of such annexation was to prevent the City of

Arlington, also located in Shelby County, from annexing such area and curtailing further growth by the City of Memphis. In addition, the area had reached a level of urban density such that it required urban level services that the City of Memphis could provide. On April 4, 1995, the City Council for the City of Memphis ("City Council") held a public hearing and adopted the first reading of the ordinance proposing such annexation. Again, on April 18, 1995, the City Council held a second public hearing and adopted the second reading of the ordinance. When the ordinance came up for a third reading on May 2, 1995, the City Council delayed the reading to allow for further discussions between Memphis and Arlington to devise an annexation reserve area agreement acceptable for both cities.

Between May and August 1995, the City Council committee on annexation ("Committee") met to analyze the cost associated with providing services to the Bridgewater/Countrywood/Eads annexation area and to refine the boundaries for annexation to conform with the City of Memphis' policy of annexation. Such meetings were not held in secret, but were open to the public and preceded by notice, although no minutes of such meetings appear in the record. On August 1, 1995, the City Council met at a public hearing and approved the annexation ordinance, Ordinance 4321. On August 15, 1995, a motion to reconsider Ordinance 4321 was made and passed to delay the third and final reading of the ordinance until September 5, 1995, in order to allow the City of Memphis and the City of Arlington another chance at formulating a reserve annexation agreement. When the City Council again addressed Ordinance 4321 at a public hearing on September 5, 1995, the ordinance was amended concerning an area located north of Highway 64. Again, Ordinance 4321's final reading was delayed until September 19, 1995.

On September 19, 1995, the City Council held a final reading for Ordinance 4321 as amended on September 5, 1995, which included an area 1,000 feet north of Highway 64. At this public hearing, the City Council passed Ordinance 4321. However, the version of Ordinance 4321 that was passed on September 19, 1995, differed from previous versions because it now excluded a 3.2 square mile area known as Bridgewater, which is bounded on the north by Interstate 40, the south by the City of Memphis' former city limits, the west by Whitten Road, and the east by the remainder of the area which was annexed by Ordinance 4321. It is undisputed that the Bridgewater area was included in the original ordinance and no motion was made to delete Bridgewater at any of the four public hearings of the City Council in August or September of 1995. In addition, the minutes of the September 5 and September 19, 1995, meetings state that the western boundary of the annexation area is Whitten Road, the western boundary for the Bridgewater area, and the September 5 meeting refers to the annexation area as the "Bridgewater/Countrywood/Eads" annexation area. The City of Memphis' explanation, in a discovery interrogatory, was that

> City Administration representatives informed [Memphis City] Council members at a public committee meeting sometime after June 15, 1995 that the Administration proposed deletion of [the] Bridgewater area because its density and development were not consistent with City [of Memphis] annexation policy. Thereafter, Bridgewater was omitted from all maps depicting the area to be annexed [by the City of Memphis].

Subsequently, Mid-America Apartment Communities, L.P. ("Mid-America") and Rockcreek Plaza Apartments ("Rockcreek") filed an action against the City of Memphis, challenging the validity of Ordinance 4321 pursuant to the Open Meetings Act. In addition, Dennis Allen, Dan Hesse, Charlese Tolar and Robert Webb (collectively with Mid-America and Rockcreek, "Appellants") filed a complaint similarly challenging Ordinance 4321. Both actions were transferred to the Chancery Court of Shelby County and consolidated for a decision. All Appellants and the City of Memphis filed motions for summary judgment. The trial court denied Appellants' motions for summary judgment and granted the City of Memphis' motion for summary judgment. All Appellants appeal to this Court and the parties present the following issues, as we perceive them, for our review:

I. Whether summary judgment in favor of the City of Memphis was proper on the basis of *res judicata*; and

II. Whether the trial court erred when it granted summary judgment in favor of the City of Memphis and denied Appellants' motions for summary judgment, failing to nullify Ordinance 4321.

For the following reasons, we reverse the decision of the trial court and remand for further proceedings consistent with this opinion.

## Standard of Review

A trial court should grant a motion for summary judgment when the movant demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Tenn. R. Civ. P. 56.04; *Souder v. Health Partners, Inc.*, 997 S.W.2d 140, 144 (Tenn. Ct. App. 1998). The movant bears the burden of demonstrating that no genuine issue of material fact exists. *Souder*, 997 S.W.2d at 144 (citing *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997)). When considering a motion for summary judgment, the trial court must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of the nonmoving party, and discard all countervailing evidence. *Id.* (citing *Bain*, 936 S.W.2d at 622). Once the moving party establishes that no genuine issue of material fact exists, the burden falls on the nonmoving party to demonstrate the contrary by affidavits or discovery materials, setting forth specific facts demonstrating the genuine issue of material fact for trial. *Id.* (quoting *Byrd v. Hall*, 847 S.W.2d 208, 211 (Tenn. 1993)). When the facts and the legal conclusions drawn from the facts reasonably permit only one conclusion, summary judgment is appropriate. *Id.* (citing *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995)). A review of a trial court's grant of summary judgment is *de novo* on the record without a presumption of correctness. *Id.* (citing *Bain*, 936 S.W.2d at 622; *Warren v. Estate of Kirk*, 954 S.W.2d 722, 723 (Tenn. 1997)).

## Res Judicata

City of Memphis argues that, because Ordinance 4321 was challenged in a prior *quo warranto* proceeding, Appellants are precluded from challenging such ordinance and the doctrine of *res judicata* applies. It is true that this Court was presented with the validity of Ordinance 4321 in *Coleman v. City of Memphis*, No. W2000-02865-COA-R3-CV, 2001 Tenn. App. LEXIS 835 (Tenn. Ct. App. Nov. 5, 2001). However, the complainants in *Coleman* challenged the validity of the ordinance read on August 1, 1995, and not the final version of the ordinance passed on September 19, 1995. *Coleman v. City of Memphis*, 2001 Tenn. App. LEXIS 835, at *10-12 (Ten. Ct. App. Nov. 5, 2001). Because complainants filed their suit on August 29, 1995, before final passage of Ordinance 4321 and did not amend their complaint, this Court upheld the trial court's grant of summary judgment on the basis that the court had no jurisdiction to hear complainants' claim. *Id*. at *12. City of Memphis argues this judgment precludes Appellants' current claim. However, as the Tennessee Supreme Court has noted, the general rule is that "[a] judgment dismissing a suit for lack of jurisdiction does not preclude a party from litigating the same cause of action in a court of competent jurisdiction; it does preclude the relitigation of the issue of whether the first tribunal had jurisdiction." *Goeke v. Woods*, 777 S.W.2d 347, 350 (Tenn. 1989) (citing *Magnus Elec., Inc. v. La Republica Argentina*, 830 F.2d 1396, 1400 (7th Cir. 1987)); *see also* 46 Am. Jur. 2d *Judgments* § 626 (1994). Therefore, because this Court dismissed the prior claim against the validity of Ordinance 4321 on jurisdictional grounds, *res judicata* does not bar Appellants from filing their current claim. We uphold the trial court's denial of summary judgment for the City of Memphis on this issue.

## Open Meetings Act

Tennessee Code Ann. § 8-44-101(a) declares that it is "the policy of this state that the formation of public policy and decisions is public business and shall not be conducted in secret." The Code further states that "[a]ll meetings of any governing body are declared to be public meetings open to the public at all times, except as provided by the Constitution of Tennessee." Tenn. Code Ann. § 8-44-102(a) (1995). In addition, the Tennessee Code provides that a governmental body that holds such meetings must give adequate public notice, whether the meeting is a regular meeting or a special meeting. Tenn. Code Ann. § 8-44-103 (a)-(b) (1995). The Code also requires the following:

> The minutes of a meeting of any such governmental body shall be promptly and fully recorded, shall be open to public inspection, and shall include, but not be limited to, a record of persons present, all motions, proposals and resolutions offered, the results of any votes taken, and a record of individual votes in the event of roll call.

Tenn. Code Ann. § 8-44-104(a) (1995). Finally, Tenn. Code Ann. § 8-44-104(b) states that "[a]ll votes of any such governmental body shall be by public vote or public ballot or public roll call" and that no secret votes, ballots, or roll calls are allowed. Tenn. Code Ann. § 8-44-104(b) (1995).

In this case, the trial court found that the Committee for the City Council violated the Open Meetings Act because it recorded no minutes of the meeting in which it amended Ordinance 4321 to delete the Bridgewater area. However, the trial court also found that, when the City Council had the amended ordinance before it, it ratified the action taken by the Committee by approving the amended Ordinance 4321. The trial court found that such action by the City Council cured any violation of the Open Meetings Act effectuated by the Committee. For our review, this Court must determine (1) whether Tenn. Code Ann. § 8-44-102(a) applies and the Committee is a "governing body" that held a "meeting" as defined by the Open Meetings Act; (2) whether the Committee violated the Open Meetings Act; and (3) whether the City Council or the Committee ratified such violation by holding a "new and substantial reconsideration of the issues involved, in which the public [was] afforded ample opportunity to know the facts and to be heard with reference to matters at issue." Tenn. Code Ann. § 8-44-102; *Neese v. Paris Special Sch. Dist.*, 813 S.W.2d 432, 436 (Tenn. Ct. App. 1990) (citing *Alaska Comm. Coll. Fed. of Teachers v. Univ. of Alaska*, 677 P.2d 886, 891 (Alaska 1984)).

### "Governing Body" and "Meeting"

The Tennessee Code states that "[a]ll meetings of any governing body are declared to be public meetings open to the public at all times, except as provided in the Constitution of Tennessee." Tenn. Code Ann. § 8-44-102(a). The Code defines "governing body" as "[t]he members of any public body which consists of two (2) or more members, with the authority to make decisions for or recommendations to a public body on policy or administration. . . ." Tenn. Code Ann. § 8-44-102(b)(1)(A). The Tennessee Supreme Court has construed such language to include:

> any board, commission, committee, agency, authority or any other body, by whatever name, whose origin and authority may be traced to State, City or County legislative action and whose members have authority to make decisions or recommendations on policy or administration affecting the conduct of the business of the people in the governmental sector.

*Dorrier v. Dark*, 537 S.W.2d 888, 892 (Tenn. 1976). In this case, the Committee of the City Council[1] consisted of members of that City Council who met with the City of Memphis Office of Planning and Development. The City of Memphis admits that, at one of the Committee's meetings, such deletion of Bridgewater took place. However, there is nothing in the record to suggest that the Committee had the authority to delete, change or amend Ordinance 4321 as it was approved by the City Council in the first two readings in March 1995. In addition, it appears from the record that the Committee did not act in the capacity of making a "recommendation." Therefore, we cannot say that such Committee is a "governing body" calling for application of the Open Meetings Act, and, thus, summary judgment, on the basis that the Committee violated the Act but was later ratified by the City Council, was improper.

---

[1] It is not contested that the Memphis City Council is a "governing body" and that its public hearings were "meetings" for purposes of the Open Meetings Act.

In addition, the Tennessee Code defines "meeting" as "the convening of a governing body of a public body for which a quorum is required in order to make a decision or to deliberate toward a decision on any matter." Tenn. Code Ann. § 8-44-102(b)(2). Such definition does not include "chance meetings, informal assemblages, or electronic communication." Tenn. Code Ann. § 8-44-102(c). In this case, notice was issued for the Committee's meetings and, therefore, we may infer that such meetings were not by chance. However, the record is deficient with respect to proof that such Committee requires a quorum for action or that such a quorum existed when the deletion of Bridgewater was effectuated. Because we cannot determine whether the Committee held a "meeting" as defined by the Open Meetings Act, we likewise cannot determine whether the Open Meetings Act applies to the Committee meeting and, therefore, the trial court's grant of summary judgment was also improper for this reason.

**Ratification**

Even assuming, *arguendo*, that the Open Meetings Act applies to the Committee's meeting in which Bridgewater was deleted from Ordinance 4321, summary judgment in favor of the City of Memphis would be improper. Though it is undisputed that no minutes of the Committee's meeting were kept in violation of the Open Meetings Act, the trial court determined that such violation was ratified by the City Council when it approved the amended Ordinance 4321 at the public hearing on September 19, 1995.

Tenn. Code Ann. § 8-44-105 states that "[a]ny action taken at a meeting in violation of this part shall be void and of no effect. . . ." However, this Court has stated:

> We do not believe that the legislative intent of this statute was forever to bar a governing body from properly ratifying its decision made in a prior violative manner. However, neither was it the legislative intent to allow such a body to ratify a decision in a subsequent meeting by a perfunctory crystallization of its earlier action. We hold that the purpose of the act is satisfied if the ultimate decision is made in accordance with the Public Meetings Act, and if it is a new and substantial reconsideration of the issues involved, in which the public is afforded ample opportunity to know the facts and to be heard with reference to the matters at issue.

*Neese*, 813 S.W.2d at 436 (citing *Alaska Comm. Coll. Fed. of Teachers*, 677 P.2d at 891). The City of Memphis contends that, because the City Council had before it maps exhibiting the deletion of Bridgewater, there was a new and substantial reconsideration of the Committee's removal of the Bridgewater area. We disagree. Upon reviewing the transcripts and minutes of the City Council's public hearings on August 1, August 15, September 5, and September 19, 1995, we cannot say that the City Council ratified the action of the Committee. While a member of the Office of Planning and Development for the City of Memphis stated that the boundaries for annexation had been refined, there was no discussion of Bridgewater's deletion by any of the City Council members. The only discussion of amending the annexation borders concerned whether the City of Memphis should annex a portion of land north of Highway 64. Because there was no discussion of the deletion of

Bridgewater, we cannot say that the City Council gave the issue of Bridgewater's deletion a new, let alone substantial, reconsideration of that issue. *See Souder*, 997 S.W.2d at 150-51. Such act by the City Council would constitute a "perfunctory crystallization" of the Committee's earlier amendment of Ordinance 4321. Therefore, the trial court also erred when it granted summary judgment to the City of Memphis on the basis of ratification of the Committee's action by the City Council.

## Conclusion

For the foregoing reasons, we reverse the trial court's grant of summary judgment to the City of Memphis and remand for further proceedings consistent with this opinion. Costs of this appeal are taxed to the Appellee, the City of Memphis, Tennessee, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE