IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Submitted on Briefs, August 23, 2006

## BARBARA L. WOLF, AS Trustee for LANI WOLF and SHAYE WOLF, v. JOHN LUTHER SUMMITT

**Direct Appeal from the Chancery Court for Monroe County**
**No. 14922      Hon. Jerri S. Bryant, Chancellor**

**No. E2006-00407-COA-R3-CV - FILED OCTOBER 2, 2006**

In this dispute over a right of way, the Trial Court granted summary judgment to defendant on grounds the suit was barred by res judicata or collateral estoppel. On appeal, we affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Thomas F. Mabry, Knoxville, Tennessee, for appellant.

John Carson, III., Madisonville, Tennessee, for appellee.

### OPINION

Plaintiff filed a Complaint against defendant to determine her right to use an existing roadbed extending from a county road to her property. The roadbed extends along the boundary between the parcels owned by defendant. During the course of the proceedings, plaintiff and defendant Summitt announced to the Court that they had reached an agreements, and the Chancery Court entered an Agreed Order on June 24, 2004. This Agreed Order provides in part, as follows:

> Said right of way shall be . . . approximately twelve (12) feet in width, and shall be a right of way to the lands of Wolf and Baez, et al[1] across the lands of Summitt where the existing roadbed lies on Summitt's property.

---

[1]Baez, et al refers to the cross-defendants who also entered into the Agreement.

This Order shall not affect Plaintiff's access or right to use that portion of the roadbed crossing the land of any other party, as those matters are reserved pending further hearing of this Court.

Other than as set forth in this Order, no party to this agreement shall have any claim or demand upon the other. Specifically, Wolf nor Baez shall be allowed to enlarge, extend, or reroute this right of way by necessity, condemnation, or otherwise. Further, neither Wolf nor Baez shall make claim or demand for any other right of way across Summitt.

Plaintiff later challenged the Agreed Order by filing a Motion Pursuant to T.R.C.P. Rule 60, which the Court denied. On July 15, 2005, plaintiff filed another Complaint against defendant Summitt, and sought a declaratory judgment, declaring "that plaintiff is the owner of a right-of-way extending from her original property to the Dr. Lee Road and designate[ing] its location and extent". On August 25, the defendant filed a Motion to Dismiss Pursuant to T.R.C.P. Rule 12, and later supplemented his Motion by filing a Statement of Undisputed Facts contained in the Chancery Court Agreed Order in the first suit by the plaintiff. This pleading also requested that the Motion be treated as a Motion for Summary Judgment. Subsequently, the Chancery Court entered an Order granting summary judgment in favor of defendant, and dismissing the Complaint. A timely appeal has been filed.

The issue as stated on appeal is whether the Court erred in granting summary judgment in favor of the defendant on the grounds of either res judicata or collateral estoppel.

Our review on appeal of a summary judgment determination is *de novo* without any presumption of correctness being accorded to the Trial Court's Judgment. *Guy v. Mutual of Omaha Ins. Co.,* 79 S.W.3d 528-534 (Tenn. 2002).

The defendant argues that the doctrines of res judicata and collateral estoppel preclude the plaintiff's claim, because the prior Agreed Order established the rights of the parties.

The doctrine of res judicata voids the second suit between the same parties that are privies in the same cause of action with respect to all issues which were or could have been litigated in the former suit. Collateral estoppel operates to bar a second suit between the same parties and their privies on a different cause of action only as to issues which were actually litigated and determined in the former suit.

*Massengill v. Scott*, 738 S.W.2d 629, 631 (Tenn. 1987). The Agreed Order relied on to establish these defenses shows on its face that it is not a final judgment. Application of either res judicata or collateral estoppel requires a prior final judgment on the merits. *Goeke v. Woods*, 777 S.W.2d 347, 349 (Tenn. 1989) (regarding res judicata); *Beaty*, 15 S.W.3d at 824 (regarding collateral estoppel); *Scales v. Scales*, 564 S.W.2d 667, 670 (Tenn. Ct. App. 1977). The Agreed Order dismissed the

plaintiff's claims against the defendant in the prior suit, but it reserved adjudication of the other parties' rights.[2] However, the plaintiff's Answer to defendant's Request to Admit states that: "Under the Tennessee Rules of Civil Procedure, the Agreed Order entered on June 24, 2004 is a Final Order."

Due to the state of the pleadings, the Trial Court treated the Agreed Order as a final judgment and dismissed the suit on the grounds stated.

While the "Agreed Order" appears on its face not to be a final judgment, plaintiff will not be heard to complain about the Trial Court's action. T.R.A.P. 36, states in pertinent part:

> Nothing in this rule shall be construed as requiring relief be granted to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error.

The plaintiff, in effect, stipulated or agreed that the Agreed Order was a final judgment and cannot now fault the Trial Judge for treating the Order as a final judgment, which establishes the basis of the res judicata defense.

Accordingly, we affirm the Judgment of the Trial Court and remand, with the cost of the appeal assessed to the plaintiff, Barbara L. Wolf.

_____
HERSCHEL PICKENS FRANKS, P.J.

---

[2]Specifically the Agreed Order states, "This Order shall not affect Plaintiff's access or right to use that portion of the roadbed crossing the land of any other party, as those matters are reserved pending further hearing of this Court."