# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
Assigned on Briefs January 26, 2016

## DAVID HUGHES v. MERIDIAN PROPERTY MANAGEMENT LLC

**Appeal from the Circuit Court for Shelby County**
**No. CT00134815     Robert Samual Weiss, Judge**

_____

**No. W2015-01369-COA-R3-CV – Filed February 10, 2016**
_____

Appellant rented property managed by Appellee. Appellee filed a forcible entry and detainer action in the Shelby County General Sessions Court and was awarded possession of the rental property and past due rents. Appellant did not appeal this judgment. Rather, Appellant filed a separate civil warrant in general sessions court, seeking to be restored to possession of the property. Appellee filed a Tennessee Rule of Civil Procedure 12.02(6) motion to dismiss on the ground that the question of possession of the property was res judicata based on the general sessions court's prior adjudication. The general sessions court granted Appellee's motion, and Appellant, relying on the civil warrant filed in the second general sessions' case, appealed to the Shelby County Circuit Court. Again, Appellee moved for dismissal. The trial court granted Appellee's motion, finding that it did not have jurisdiction to address the question of possession of the rental property as this question was res judicata. Appellant appeals. Discerning no error, we affirm and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and ARNOLD B. GOLDIN, J., joined.

David Hughes, Memphis, Tennessee, appellant, *pro se*.

David Mendelson and Jan Lentz, Memphis, Tennessee, for the appellee, Meridian Property Management, LLC.

# MEMORANDUM OPINION[1]

## I. Background and Procedural History

Appellant David Hughes rented property that was managed by Appellee Meridian Property Management LLC ("Meridian"). On December 2, 2014, the Shelby County General Sessions Court entered judgment against Mr. Hughes and in favor of Meridian on the merits of its forcible entry and detainer action (General Sessions Case No. 1717647). Specifically, the general sessions court awarded Meridian possession of the property and a judgment against Mr. Hughes for past due rents in the amount of $2,693.00. Mr. Hughes did not appear at the hearing on the forcible entry and detainer action, and he did not appeal the judgment entered against him.

On or about January 5, 2015, Mr. Hughes filed an "Action to Recover Personal Property" against Meridian in the General Sessions Court of Shelby County (General Sessions Case No. 1724555). By his complaint, Mr. Hughes sought "[r]eplevin for the [rental] property" and judgment in the amount of $25,000.[2] On January 30, 2015, Mr. Hughes filed a "Notice of Dispute," which referenced both case number 1717647 and case number 1724555. Likewise, on February 24, 2015, Mr. Hughes filed a "Notice of Default and of Estoppel by Acquiescence," which also referenced both the earlier general session case, i.e., 1717647, and the January 5, 2015 case filed by Mr. Hughes, i.e., 1724555.

On March 10, 2015, the general sessions court heard case number 1724555. During the hearing, Mr. Hughes, who was proceeding *pro se*, admitted that he was "disputing a

---

[1] Tennessee Court of Appeals Rule 10 provides, in relevant part, that:

The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

[2] We note that Mr. Hughes' general sessions case was initiated by his filing a general sessions standard form titled "Civil Warrant to Recover Personal Property," wherein he writes the property description as "[r]eplevin for the property of 3357 Keystone Ave. Memphis, TN 38128." In the first instance, there is no action in Tennessee for "replevin" of real property. *See, e.g., First National Bank v. Howard*, 302 S.W.2d 516, 518 (Tenn. Ct. App. 1957), *perm. app. denied* (Tenn. June 7, 1957) ("Replevin is a possessory action; it does not involve title but only the right to possession. Its common law scope has been broadened by our statute (T.C.A. § 23–2302) so that it lies 'in all cases where the plaintiff has a present right of possession of any personal property in the possession of the defendant.") (citations omitted). However, as discussed *infra*, by his general sessions case number 1724555, Mr. Hughes seeks to recover possession of the rental property and not to replevin the personalty that was removed from the rental property.

previous case that [Meridian] had once before." The general sessions judge informed Mr. Hughes that the court would only hear case number 1724555, but that it would not revisit the previous forcible entry and detainer case, i.e., case number 1717647. The court later explained that because the judgment in favor of Meridian on its forcible entry and detainer action became final on or about December 12, 2014, "your landlord, through their management company, had the right to do a forced eviction." Tenn. Code Ann. § 27-5-108 ("Any party may appeal from a decision of the general sessions court to the circuit court of the county within a period of ten (10) days on complying with the provisions of this chapter."). On or about March 10, 2015, the general sessions court entered an order of dismissal with prejudice as to Mr. Hughes' case number 1724555.

Mr. Hughes appealed the dismissal of his general sessions case to the Circuit Court of Shelby County (the "trial court"). Mr. Hughes did not file a new complaint in the trial court; rather, he proceeded on the general sessions court complaint filed in case number 1724555. On April 24, 2015, Meridian filed a Tennessee Rule of Civil Procedure 12.02(6) motion to dismiss for failure to state a claim or, alternatively, a motion for a more definite statement under Tennessee Rule of Civil Procedure 12.05. In its motion, Meridian asked for dismissal of Mr. Hughes' case because he "failed to amend his [general sessions] complaint in any way so as to clarify what his basis is for recovery under the law."

The trial court heard Meridian's motion to dismiss on May 29, 2015. At that hearing, Mr. Hughes explained the relief he sought as follows: "I am asking for recovery back of the property because I was in possession of the property. And, also there is a claim of right in possession of the property and remaining in the property . . . ." In response, the trial court explained:

> Well, the problem is if that is the situation, then there was a [forcible entry and detainer] action that would—the action that put you out of the property. It was incumbent upon you to file an appeal of that action. . . . If that is what you are trying to accomplish, then that window has opened and closed, and this Court has no jurisdiction to be able to put you back into that property.

By order of June 26, 2015, the trial court granted Meridian's motion to dismiss. Specifically, the trial court's order stated:

> 2. That this Court is without jurisdiction to grant the relief sought by [Appellant], namely, to be restored into possession of the property . . . as this matter has already been heard and decided under an eviction action under General Sessions Case No 1717647, a case separate and distinct from the present matter before the Court, which was appealed from General Sessions Case No. 1724555, and is the subject of [Appellant's] present appeal to Circuit Court; and

3. That the Court's decision in General Sessions Case No. 1717647 dispossessed [Appellant] of the property . . .; and

4. That the Court's decision in General Sessions Case No. 1717647 was not timely appealed, and

5. Therefore, the Court's decision in General Sessions Case No. 1717647 became final . . .

## II. Issue

Mr. Hughes appeals. The sole issue for review is whether the trial court erred in granting Meridian's Tennessee Rule of Civil Procedure 12.02(6) motion to dismiss.

## III. Standard of Review and Analysis

At the outset, we note that while we are cognizant of the fact that Appellant is self-represented in this case, it is well-settled that "pro se litigants are held to the same procedural and substantive standards to which lawyers must adhere." ***Brown v. Christian Bros. Univ.***, No. W2012–01336–COA–R3–CV, 2013 WL 3982137, at *3 (Tenn. Ct. App. Aug. 5, 2013), *perm. app. denied* (Tenn. Jan. 15, 2014). As we have explained,

> [p]arties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

***Jackson v. Lanphere***, No. M2010–01401–COA–R3–CV, 2011 WL 3566978, at *3 (Tenn. Ct. App. Aug. 12, 2011) (quoting ***Hessmer v. Hessmer***, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003)).

We further note that neither Meridian, in its motion to dismiss, nor the trial court, in its June 26, 2015 order, uses the term "res judicata" as a ground for dismissal of Mr. Hughes' case. However, from the pleadings, arguments, and record as a whole, we glean that the basis for the trial court's dismissal of Mr. Hughes' case is that he failed to appeal the forcible entry and detainer judgment, which then became final, or res judicata, on the question of his right to be restored to the rental property. In ***Jackson v. Smith***, 387 S.W.3d 486 (Tenn. 2012), our Supreme Court explained the interplay between the doctrine of res judicata and Tennessee Rule of Civil Procedure 12.02 motions to dismiss as follows:

The doctrine of res judicata or claim preclusion bars a second suit between the same parties or their privies on the same claim with respect to all issues which were, or could have been, litigated in the former suit. *Creech v. Addington*, 281 S.W.3d 363, 376 (Tenn.2009); *Richardson v. Tennessee Bd. of Dentistry*, 913 S.W.2d 446, 459 (Tenn.1995) (quoting *Goeke v. Woods*, 777 S.W.2d 347, 349 (Tenn.1989)). It is a "rule of rest," *Moulton v. Ford Motor Co.*, 533 S.W.2d 295, 296 (Tenn.1976), and it promotes finality in litigation, prevents inconsistent or contradictory judgments, conserves judicial resources, and protects litigants from the cost and vexation of multiple lawsuits. *In re Estate of Boote*, 198 S.W.3d 699, 718 (Tenn. Ct. App.2005); *Sweatt v. Tennessee Dep't of Corr.*, 88 S.W.3d 567, 570 (Tenn. Ct. App.2002). The party asserting a defense predicated on res judicata or claim preclusion must demonstrate (1) that the underlying judgment was rendered by a court of competent jurisdiction, (2) that the same parties or their privies were involved in both suits, (3) that the same claim or cause of action was asserted in both suits, and (4) that the underlying judgment was final and on the merits. *Lien v. Couch*, 993 S.W.2d 53, 56 (Tenn. Ct. App.1998); *see also Lee v. Hall*, 790 S.W.2d 293, 294 (Tenn. Ct. App. 1990). A trial court's decision that a claim is barred by the doctrine of res judicata or claim preclusion involves a question of law which will be reviewed de novo on appeal without a presumption of correctness. *In re Estate of Boote*, 198 S.W.3d at 719.

Res judicata is one of the affirmative defenses that must be included in the defendant's answer. Tenn. R. Civ. P. 8.03. However, in appropriate circumstances, it may be raised in a Tenn. R. Civ. P. 12.02(6) motion. For a Tenn. R. Civ. P. 12.02(6) motion to be used as a vehicle to assert an affirmative defense, the applicability of the defense must "clearly and unequivocally appear[ ] on the face of the complaint." *Givens v. Mullikin ex rel. Estate of McElwaney*, 75 S.W.3d 383, 404 (Tenn.2002) (quoting *Anthony v. Tidwell*, 560 S.W.2d 908, 909 (Tenn.1977)). In other words, the plaintiff's own allegations in the complaint must show that an affirmative defense exists and that this defense legally defeats the claim for relief. *See Ragsdale v. Hill*, 37 Tenn. App. 671, 681, 269 S.W.2d 911, 916 (1954) (holding that a demurrer asserting res judicata was improper when the petition being challenged did not mention the prior decree); *see also* 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 713-14 (3d ed.2004).

*Id.* at 491-92. In the *Givens* case, which is cited by our Supreme Court in *Jackson*, the Court stated, in relevant part, that:

In *Anthony v. Tidwell*, 560 S.W.2d 908, 909 (Tenn.1977), we held that a "complaint is subject to dismissal under rule 12.02(6) for failure to state a

- 5 -

claim if an affirmative defense clearly and unequivocally appears on the face of the complaint." We also noted that "[i]t is not necessary for the defendant to submit evidence in support of his motion when the facts on which he relies to defeat plaintiff's claim are admitted by the plaintiff in his complaint." Therefore, when the affirmative defense involves only an issue of law . . . application of this standard is certainly appropriate.

*Givens*, 75 S.W.3d at 404 (some citations omitted). "A trial court's decision that a claim is barred by the doctrine of res judicata or claim preclusion involves a question of law . . . ." *Jackson*, 387 S.W.3d at 491 (citation omitted).

In the instant case, Mr. Hughes' "Civil Warrant to Recover Personal Property," which was filed in general sessions case number 1724555, requests "possession of the property proposed to be repossessed, which property is described as follows, to wit: 'Replevin for the property of 3357 Keystone Avenue.'" It is undisputed that 3357 Keystone Avenue was the subject of the forcible entry and detainer action that was adjudicated under general sessions case number 1717647. It is also undisputed that Meridian was granted possession of said property in the judgment entered in general sessions case number 1717647 and that Mr. Hughes did not appeal that judgment. In other words, the question of the right of possession of the disputed property was settled in the previous general sessions case number 1717647. As noted above, in subsequent filings in general sessions case number 1724555, Mr. Hughes references both case number 1724555 and case number 1717647. The question, then, is whether these filings are sufficient to evince the affirmative defense of res judicata for purposes of the Tennessee Rule of Civil Procedure 12.02(6) motion. *Givens*, 75 S.W.3d at 404. We conclude that Mr. Hughes' filings are sufficient to raise an issue of law concerning whether the question of the right of possession of the rental property is res judicata. Because Mr. Hughes failed to appeal the forcible entry and detainer judgment, which gave possession to Meridian, we hold that the question is res judicata. Accordingly, the trial court correctly dismissed Mr. Hughes' case.

## IV. Conclusion

For the foregoing reasons, we affirm the order of the trial court. The case is remanded for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed against the Appellant, David Hughes. Because Mr. Hughes is proceeding *in forma pauperis* in this appeal, execution for costs may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE