IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
September 13, 2017 Session

FRANKIE G. MUNN v. SANDRA M. PHILLIPS ET AL.

Appeal from the Circuit Court for Cocke County
No. 33976-III        Rex H. Ogle, Judge

_____

No. E2016-02242-COA-R3-CV

_____

CHARLES D. SUSANO, JR., J., dissenting.

The majority holds that a remand to the trial court is necessary "[b]ecause the trial court failed to make specific findings of fact and conclusions of law regarding the applicability of any *res judicata* defense . . . ." (Italics in original.) I believe the record in this case clearly shows that the claim of the appellee Frankie G. Munn is barred by the doctrine of *res judicata*. Hence, I see no need for a remand.

*Res judicata* "bars a second suit between the same parties or their privies on the same cause of action with respect to *all issues which were or could have been* litigated in the former suit." **Massengil v. Scott**, 738 S.W.2d 629, 631 (Tenn. 1987) (Emphasis added.). *See also* **Richardson v. Tenn. Bd. of Dentistry**, 913 S.W.2d 446, 459 (Tenn. 1995); **Goeke v. Woods**, 777 S.W.2d 347, 349 (Tenn. 1989).

In the first lawsuit, Munn named Mr. and Mrs. Phillips as defendants. That case pertained to the foreclosure sale. Munn could have, but did not, raise the issue of whether the Phillips owed rent as they continued to reside in the foreclosed property. The facts with respect to whether Munn's suit is barred by the doctrine of res judicata are not in dispute. This is a question of law that we can and should decide without a remand to the trial court. I would reverse the trial court's judgment awarding Munn $42,929.

Accordingly, I respectfully dissent.

_____
CHARLES D. SUSANO, JR., JUDGE