Robert ANTHONY, Petitioner,

v.

**J. T. and Gerald TIDWELL,**
**Respondents.**

Supreme Court of Tennessee.

Dec. 27, 1977.

John S. Porter, Burch, Porter & Johnson, Memphis, for petitioner.

Charles S. Kelly, Kelly & Dearing, Dyersburg, for respondents.

## OPINION

COOPER, Justice.

This case presents the question of whether the defense of the statute of frauds may be raised by a motion to dismiss for failure to state a claim brought under T.R.Civ.P. 12.02(6).

The plaintiffs J. T. Tidwell and Gerald Tidwell filed a complaint in which they asserted that they had entered into an oral contract with defendant Robert Anthony to purchase one hundred head of cattle at a price of $500.00 each, and that they delivered to Anthony a check for $1,000.00 "as earnest money or good faith money towards the purchase of the . . . cattle." The plaintiffs further alleged that the defendant refused to sell the cattle to the plaintiffs pursuant to the alleged contract, subsequently selling the cattle in question to defendant Lofton, and prayed that the court compel the defendant either to perform the contract, or to compensate them for the damages they had suffered from the alleged breach of contract. The defendants did not file an answer, but moved to dismiss the complaint for failure to state a claim upon which relief could be granted under T.R.Civ.P. 12.02(6), asserting, inter alia, that the contract alleged in the complaint was unenforceable under the provisions of T.C.A. § 47–2–201. This statute provides, in pertinent part, as follows:

(1) Except as otherwise provided in this section a contract for the sale of goods for the price of five hundred dollars ($500) or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought . . ..

\* \* \* \* \* \*

(3) A contract which does not satisfy the requirements of subsection (1) but which is valid in other respects is enforceable

(a) if the goods are to be specifically manufactured for the buyer . . ..

(b) if the party against whom enforcement is sought admits in his pleading, testimony or otherwise in court that a contract for sale was made, but the contract is not enforceable under this provision beyond the quantity of goods admitted; or

(c) with respect to goods for which payment has been made and accepted or which have been received and accepted . . ..

In opposition to the motion to dismiss, plaintiffs submitted several affidavits which tended to prove the allegations in their complaints. With the record in this state, the chancellor sustained the motion to dismiss. The Court of Appeals reversed, with one judge dissenting. Robert Anthony petitioned this court for the writ of certiorari, which was granted.

■ The majority of the Court of Appeals held that an affirmative defense, such as the statute of frauds, may not be raised by a motion to dismiss for failure to state a claim upon which relief can be granted under T.R.Civ.P. 12.02(6), but may only be raised in the defendant's answer, or by subsequent motion supported by affidavits. In this the Court of Appeals was in error. A complaint is subject to dismissal under rule 12.02(6) for failure to state a claim if an affirmative defense clearly and unequivocally appears on the face of the complaint. It is not necessary for the defendant to submit evidence in support of his motion when the facts on which he relies to defeat plaintiff's claim are admitted by the plaintiff in his complaint. *White v. Padgett,* 475 F.2d 79 (5th Cir. 1973); *Berry v. Chrysler Corp.,* 150 F.2d 1002 (6th Cir. 1945); 5 Wright and Miller, Federal Practice and Procedure § 1357 at 605 et seq. Compare *Hixson v. Stickley,* 493 S.W.2d 471 (Tenn. 1973) and *Carrier v. Knapp,* 442 F.2d 422 (3d Cir. 1971), where the basis of the defense did not appear clearly in the complaint.

■ In the instant case, according to the allegations of the complaint, the contract entered into by plaintiffs and defendants was oral and was in the amount of $50,000.00. Such a contract is unenforceable under T.C.A. § 47–2–201, and a complaint based on the contract is subject to being dismissed on motion, except in those instances where there are allegations in the

complaint which bring the contract within one or more of the exceptions to the statute of frauds. The only allegation that possibly could be construed as bringing the contract within the statutory exceptions is the allegation that plaintiffs delivered a $1,000.00 check to the defendants "for the good faith purchase of the cattle." If the payment were made for the purpose alleged, and we must assume that it was in reviewing the chancellor's action on a rule 12 motion, it could constitute a partial payment within the meaning of T.C.A. § 47–2–201(3)(c) and plaintiffs would be entitled to enforce the oral contract, but only to the extent of the payment made. *In re Augustin Bros. Co.,* 460 F.2d 376 (8th Cir. 1972); *Bagby Land & Cattle Co. v. California Livestock Commission Co.,* 439 F.2d 315 (5th Cir. 1971); *Spiering v. Fairmont Foods Company,* 424 F.2d 337 (7th Cir. 1970); U.C.C. § 2–201, Comment 2.

It follows that the chancellor properly dismissed the complaint in so far as it sought enforcement of the entire contract, but was in error in denying plaintiffs the opportunity of proving the partial payment, as alleged, and of enforcing the contract to the extent of the down payment.

In dicta, the majority of the Court of Appeals stated that, since the plea of the statute of frauds implicitly admits the existence of an oral contract, it may not be raised by a party who denies that a contract was made. They further stated that such an implicit admission of the existence of an oral contract renders the contract enforceable to the extent admitted under the provisions of T.C.A. § 47–2–201(3)(b). However, as noted by the dissenting opinion in the court below, even assuming that a plea of the statute of frauds and a denial of a contract are inconsistent defenses, both may be advanced by a party under T.R. Civ.P. 8.05. Furthermore, technical admissions of this nature, made solely in connection with a motion to dismiss, do not necessarily constitute admissions chargeable to the party for the purposes of the litigation as a whole. *See, e. g., M. Snower & Co. v. U. S.,* 140 F.2d 367 (7th Cir. 1944).

Accordingly, the judgment of the Court of Appeals is reversed, and the complaint is dismissed in so far as it seeks enforcement of the contract as a whole. The case is remanded to the chancellor for further proceedings not inconsistent with this opinion. The costs will be divided between the parties.

HENRY, C. J., and FONES, BROCK and HARBISON, JJ., concur.