Sharon O. GARDNER, Plaintiff–
Appellant,

v.

INSURA PROPERTY & CASUALTY IN-
SURANCE COMPANY, The City of
Chattanooga, A Municipality, and d/b/a
The Chattanooga Police Department,
and Officer Kevin Smith, Badge # 737,
and Ernest Patillo, Defendants–Appel-
lees.

Court of Appeals of Tennessee,
Eastern Section.

April 28, 1997.

Rehearing Denied Nov. 10, 1997.

**2**

Richard A. Schulman, Scott A. Miller, Spears, Moore, Rebman & Williams, Chattanooga, for Plaintiff–Appellant.

Randall L. Nelson, City Attorney by Phillip A. Noblett, Special Counsel, City Attorney's Office, Chattanooga, for Defendants–Appellees, The City of Chattanooga and Officer Kevin Smith.

## OPINION

FRANKS, Judge.

In this action for damages for personal injuries suffered in a motor vehicle accident, the Trial Court granted summary judgment to the City of Chattanooga, Chattanooga Police Department and Officer Kevin Smith. Plaintiff has appealed.

Affidavits and depositions filed with plaintiff's response to defendant's motion to dismiss establish without dispute that on December 24, 1994, Julie Wilson's automobile was struck by a car driven by Ernest Patillo. Patillo stopped his car approximately half a block from the accident and Wilson observed that Patillo's breath smelled of alcohol, his speech was slurred, and his gait was staggered. She called 911 and Officer Kevin Smith was dispatched to the scene of the accident. Smith also smelled alcohol on Patillo and noticed that his speech was slurred

and that he was unsteady on his feet. Smith planned to conduct a field sobriety test on Patillo, however, he first asked Wilson for some information, intending to allow her to leave the scene and remove her vehicle from the flow of traffic. Smith says that he told Patillo to stand on the sidewalk, but while Smith was writing down Wilson's license plate number, Patillo got into his vehicle and drove away. Smith ran to his vehicle and pursued Patillo with emergency lights and sirens engaged. Before Smith caught up with Patillo, Patillo ran a stop sign and struck plaintiff Gardner's vehicle. A breathalyser test revealed that Patillo's blood alcohol was .24, more than two times the legal limit. Gardner suffered personal injuries in the accident, and brought this action.

The complaint against the City of Chattanooga was dismissed by the Trial Judge, relying on *Ezell v. Cockrell*, 902 S.W.2d 394 (Tenn.1995).

■ Defendant's motion to dismiss was converted into a motion for summary judgment, pursuant to T.R.C.P. Rule 12.03, when the trial Court considered evidence outside the pleadings. *Hixson v. Stickley*, 493 S.W.2d 471, 473 (Tenn.1973). The standard of review for a summary judgment is *de novo* with no presumption of correctness. *Gonzales v. Alman Construction Co.*, 857 S.W.2d 42, 44 (Tenn.App.1993). Summary judgment is appropriate when, considering the evidence in the light most favorable to the nonmoving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. T.R.C.P. 56.

We agree with the Trial Court, that the doctrine advanced in *Ezell* controls. *Ezell* was a case involving Hillis and Blankenship, who had been drinking at a bar in Elkton, Tennessee. After Blankenship left the establishment, the Elkton Chief of Police prevented her from driving because she appeared to be too intoxicated to operate the vehicle safely. Hillis came out of the bar and volunteered to drive Blankenship's car home, which the chief of police allowed. About an hour later, Hillis collided with the vehicle of plaintiff Ezell, severely injuring her and causing the death of her husband. *Ezell*

sued the chief of police alleging negligence in allowing Hillis to drive a motor vehicle when he knew or should have known that Hillis was intoxicated. The complaint alleged that the chief had breached a duty owed to the plaintiff when he failed to arrest Hillis and Blankenship for driving under the influence or public intoxication.

*Ezell* discussed Tennessee's public duty doctrine, which shields a public employee from suits for injuries caused by the public employee's breach of a duty owed to the public at large. *Id.* at 400. There is an exception to the public duty rule of no-liability where a "special relationship" exists. *Ezell* gave three situations where such a relationship is created:

1) officials, by their actions, affirmatively undertake to protect the plaintiff, and the plaintiff relies upon the undertaking; 2) a statute specifically provides for a cause of action against an official or municipality for injures resulting to a particular class of individuals, of which the plaintiff is a member, from failure to enforce certain laws; or 3) the plaintiff alleges a cause of action involving intent, malice, or reckless misconduct.

*Id.* at 402.

The Court then determined that "statutes pertaining to drunk driving and public intoxication, do not, in conjunction with statutes authorizing warrantless arrests, give rise to a 'special-duty' of care where a plaintiff alleges that a police officer failed to arrest or detain an alleged drunk driver." *Id.* at 403. The Court noted that plaintiff in *Ezell* had alleged only simple negligence, not the intentional, malicious, or reckless conduct which could have created a special relationship pursuant to section three of the above quoted analysis.

Plaintiff argues that her case falls with one of the exceptions to the public duty doctrine. She first points to her complaint, which includes a charge of recklessness:

(6) The defendant, Ernest H. Patillo, had already caused another accident, was obviously impaired and guilty of reckless driving and the police officer and/or officers failed to exercise reasonable control over

him and thereby was negligent and reckless in their conduct.

Reckless conduct is defined as taking place when a person is aware of, but consciously disregards, a substantial and unjustifiable risk of such a nature that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances. *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896, 901 (Tenn.1992).

Plaintiff's response to the motion to dismiss contained Wilson's affidavit and deposition and Officer Smith's deposition. Wilson states essentially that she could tell immediately upon speaking with Patillo that he was intoxicated. Officer Smith's deposition acknowledges that he also believed Patillo to be intoxicated. He states that he spoke briefly with Patillo and decided that he would give him a field sobriety test, and told him to stand on the sidewalk. He then spoke briefly with Wilson and walked to the back of her car to write down her license plate number. He stated that these actions were taken so that she could move her car from where it was blocking traffic and let her leave the scene. Wilson and Smith agree that while Smith was writing down the license number, Smith looked up and saw that Patillo was half a block away getting in his car. Smith then got in his patrol car and pursued Patillo.

Summary judgment is appropriate when the inferences which may be drawn from uncontroverted facts are so certain that all reasonable persons must agree on them. *See Brookins v. The Round Table Inc.*, 624 S.W.2d 547 (Tenn.1981). Plaintiff offers many scenarios, such as an immediate confiscation of Patillo's keys or his placement in the officer's patrol car, which could have prevented his escape. However, when viewed most favorably to the plaintiff, the undisputed material evidence does not establish that the officer's conduct was a gross or a reckless deviation from the reasonable standard of care, and the allegation that the officer was "reckless" is a legal conclusion, which, standing alone, does not state a cause of action. *See Riggs, et al. v. Burson, et al.*, 941 S.W.2d 44 (Tenn.1997).

Finally, plaintiff argues that her complaint is actionable under the *Ezell* exception No. 2, i.e., where a statute specifically provides for a cause of action against an official or municipality for injuries resulting to a particular class of individuals of which plaintiff is a member. *Ezell* at 402. She relies on the following statute:

[N]o municipality or county nor the state or any of its political subdivisions, nor their officers or employees, shall be liable for any injury proximately or indirectly caused to an actual or suspected violator of a law or ordinance who is fleeing pursuit by law enforcement personnel. The fact that law enforcement personnel pursue an actual or suspected violator of a law or ordinance who flees from such pursuit shall not render the law enforcement personnel, or the employers of such personnel, liable for injuries to a third-party proximately caused by the fleeing party unless the conduct of the law enforcement personnel was negligent and such negligence was a proximate case of the injuries to the third party.

T.C.A. § 55–8–108(e).

The Rules of Civil Procedure provide that:

Every pleading stating a claim or defense relying upon the violation of a statute shall, in a separate count or paragraph, either specifically refer to the statute or state all of the facts necessary to constitute such breach so that the other party can be duly appraised of the statutory violation charged....

T.R.C.P. 8.05. Plaintiff's complaint neither specifically refers to T.C.A. § 55–8–108(e), nor does it recite facts supporting such a claim. Accordingly, the pleadings do not bring the case within this exception to the public duty doctrine.

Accordingly, we affirm the judgment of the Trial Court and remand at appellant's cost.

GODDARD, P.J., and SUSANO, J., concur.