**IN THE SUPREME COURT OF TENNESSEE**
**AT NASHVILLE**

**(HEARD AT PARIS)**

**FILED**

**June 14, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

**FOR PUBLICATION**

**Filed:**_____June 14, 1999_____

| | | |
|---|---|---|
| MARY MATTHEWS, | ) | United States Court of Appeals |
| | ) | for the Sixth Circuit |
| PLAINTIFF/PETITIONER, | ) | No. 96-5791 |
| | ) | |
| v. | ) | Hon. David A. Nelson, Judge |
| | ) | |
| PICKETT COUNTY, TENNESSEE, | ) | |
| LARRY PEEK and DANA DOWDY, | ) | |
| Individually and in their official | ) | |
| capacity as employees for the | ) | |
| Pickett County Sheriff's Department, | ) | |
| | ) | |
| DEFENDANTS/RESPONDENTS. | ) | No. 01S01-9801-FD-00005 |

FOR PETITIONER:

JOSEPH H. JOHNSTON
MAX MENDELSOHN
Nashville

FOR AMICUS CURIAE, TENNESSEE
MUNICIPAL LEAGUE RISK
MANAGEMENT POOL:

ROBERT H. WATSON, JR.
JOHN C. DUFFY
Knoxville

FOR AMICUS CURIAE, TENNESSEE
ASSOCIATION OF LEGAL SERVICES:

THEODORE R. KERN
Knoxville

FOR RESPONDENTS:

ALAN T. FISTER
JEFFREY M. BEEMER
Nashville

FOR AMICI CURIAE, THE TENNESSEE
TASK FORCE AGAINST DOMESTIC
VIOLENCE; LAWYERS' ASSOCIATION
FOR WOMEN, MARION GRIFFIN
CHAPTER, and TENNESSEE LAWYERS
ASSOCIATION FOR WOMEN:

CHRISTINA NORRIS
Nashville

## OPINION

This case comes to us on a certified question of law.[1]  The petitioner, Mary Matthews, filed this action in the United States District Court against the respondents, Pickett County, Tennessee, Larry Peek, and Dana Dowdy.  The district court held that the petitioner's negligence action was barred by the public duty doctrine, which shields public entities and public employees from tort liability for injuries caused by a breach of a duty owed to the public at large.  The petitioner appealed to the Sixth Circuit Court of Appeals.  The Sixth Circuit Court of Appeals certified the following question for our resolution:  "May the existence of an order of protection give rise to a 'special duty' to protect, and, if so, does the special duty extend to the protection of property?"  We accept certification and hold under the facts of this case that the special duty exception to the public duty doctrine is applicable.  Accordingly, the respondents may be held liable for the petitioner's damages under the Governmental Tort Liability Act ("GTLA"), Tenn. Code Ann. § 29-20-201 et seq.[2]

## FACTS

In October of 1993, Ms. Matthews was assaulted, beaten, and sexually violated by her estranged husband, Bill Winningham.  She sought and received an order of protection prohibiting Winningham "from coming about the petitioner for any purpose and specifically from abusing, threatening to abuse the petitioner, or committing any acts of violence upon the petitioner."  The order further provided

---

[1]Tennessee Supreme Court Rule 23 permits this Court in its discretion to answer questions of law certified to us when "the certifying court determines that, in a proceeding before it, there are questions of law of this state which will be determinative of the cause and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court of Tennessee."

[2]Oral argument was heard in this case on April 14, 1999, in Paris, Henry County, Tennessee, as part of this Court's S.C.A.L.E.S. (**S**upreme **C**ourt **A**dvancing **L**egal **E**ducation for **S**tudents) project.

3

that Winningham "shall be arrested by a law enforcement officer without a warrant if that officer has reasonable cause to believe that [Winningham] has violated or is violating this Order."

On November 18, 1993, the eve of the hearing on their pending divorce, Winningham threatened to kill Ms. Matthews and attempted to break into her home. Ms. Matthews telephoned the sheriff's department at approximately 9:30 p.m., 10:00 p.m., and 10:30 p.m. On each occasion, the sheriff's department informed Ms. Matthews that they would send someone. During this time, Winningham set off firecrackers under Ms. Matthews' propane tank. Ms. Matthews made no more telephone calls after 10:30 p.m. as Winningham had severed the petitioner's telephone line.

The respondent deputies, Peek and Dowdy, arrived at Ms. Matthews' house at approximately 11:50 p.m. They spoke to Winningham but did not arrest him. Tennessee Code Annotated § 36-3-611 authorized a warrantless arrest of Winningham under these circumstances, but one of the deputies testified that he did not believe he could have arrested Winningham without a warrant. The other deputy testified that there was no probable cause for an arrest because no act of violence was committed in the deputies' presence.

The deputies took Ms. Matthews to the courthouse so that she could swear out a warrant for Winningham's arrest. The deputies were then informed that a warrant was unnecessary. The deputies and Ms. Matthews returned to her house and found that her automobile had been riddled with bullet holes while they were at the courthouse. The deputies then escorted Ms. Matthews out of the county. Deputy Peek's cousin, Mr. Mullins, was left behind to watch Ms. Matthews' house.

4

He testified that Winningham returned to the petitioner's house with a large container and left a few minutes later without the container.

The deputies returned to pick up Mullins and observed Winningham leaving Ms. Matthews' home. Winningham was not stopped and questioned. The deputies did not examine the house at close range. They, however, did shine a spotlight on the home from the road. They testified that they did not notice anything unusual. Ms. Matthews' house burned to the ground after the deputies left.

**ANALYSIS**

The district court held that the respondents' actions were operational in nature and not subject to immunity under the GTLA.[3] The district court found that "despite [the] abundance of probable cause to arrest Mr. Winningham for violating the order of protection, the deputies failed to arrest [him]" and "went home and went to bed." We agree with the district court's holding. A negligent act or omission is operational in nature and not subject to immunity when the act or omission: (1) occurs in the absence of a formulated policy guiding the conduct or omission; or (2) when the conduct deviates from an established plan or policy. Chase v. City of Memphis, 971 S.W.2d 380, 384 (Tenn. 1998). Both the order of protection in this case and Tenn. Code Ann. § 36-3-611 mandated that the deputies arrest Winningham upon "reasonable cause to believe that [Winningham] ha[d] violated the order of protection." The record supports a finding that the deputies' failure to arrest Winningham was a deviation from a policy as expressed by statutory mandate and was operational in nature. See generally Watts v.

---

[3]The case was tried to the district court without a jury; the court's findings of fact and conclusions of law are included in the parties' joint appendix.

5

Robertson County, 849 S.W.2d 798 (Tenn. App. 1992); Doe v. Coffee County Bd. of Educ., 852 S.W.2d 899 (Tenn. App. 1992).

Having found that the GTLA did not provide immunity, the district court correctly looked next to the public duty doctrine defense. In Ezell v. Cockrell, 902 S.W.2d 394 (Tenn. 1995), this Court held that the common law doctrine of public duty and its exception, the special duty doctrine, survived the enactment of the GTLA. The public duty doctrine provides immunity to public employees for injuries that are caused by a breach of a duty owed to the public at large. Id. at 397. The public duty doctrine, however, is only viable as a defense to liability when immunity has been removed under the GTLA. Chase, 971 S.W.2d at 385. Accordingly, neither the public duty doctrine nor the special duty exception expands the government's exposure to tort liability. The doctrine merely operates to provide an additional layer of defense to acts or omissions not immune under the GTLA.

The public duty doctrine defense is subject to the special duty exception. The special duty exception does not create liability but operates to negate the public duty doctrine defense and allows a plaintiff to pursue a viable cause of action under the GTLA. The special duty exception is applicable when:

(1) a public official affirmatively undertakes to protect the plaintiff and the plaintiff relies upon the undertaking;

(2) a statute specifically provides for a cause of action against an official or municipality for injuries resulting to a particular class of individuals, of which the plaintiff is a member, from failure to enforce certain laws; or

6

> (3) a plaintiff alleges a cause of action involving intent, malice, or reckless misconduct.

Chase, 971 S.W.2d at 384; Ezell, 902 S.W.2d at 402.

Subsection (1) applies to the facts of this case. The order of protection in this case was not issued for the public's protection in general. The order of protection specifically identified Ms. Matthews and was issued solely for the purpose of protecting her. Cf. Ezell, 902 S.W.2d at 403 (statute prohibiting drunk driving does not specify an individual but undertakes to protect the public in general from intoxicated drivers). Ms. Matthews apparently relied on the court's order of protection. She contacted the sheriff's department and requested that it provide her with protection pursuant to the order of protection. Accordingly, the special duty exception to the public duty doctrine is applicable to this case.

The defendants argue that, if a special duty did exist in this case, the special duty extended only to liability for personal injury and did not extend to liability for damages to Ms. Matthews' property. We disagree. The focus is upon the relationship between the parties and not upon a specific harm. If a special relationship does exist, the public duty doctrine defense is negated, and immunity conferred by the doctrine is removed. The cause of action is controlled strictly by the provisions of the GTLA once the public duty doctrine defense has been negated. Accordingly, the respondents may be subject to liability under the provisions of the GTLA for damages proximately caused by a breach of the special duty.

The deputies had a duty to arrest Winningham if there were reasonable cause to believe that Winningham had violated the order of protection. Tenn.

7

Code Ann. § 36-3-611. If the deputies breached the duty owed to Ms. Matthews, she may recover damages proximately caused by that breach, to the extent permitted by the provisions of the GTLA.

## CONCLUSION

Based on the limited facts certified to this Court and on the question posed to this Court, we hold that the special duty exception to the public duty doctrine is applicable and that the respondents may be subject to liability under the GTLA. The clerk will transmit a copy of this opinion in accordance with Tenn. R. Sup. Ct., Rule 23(8). The costs in this Court will be taxed to the respondents.

_____
JANICE M. HOLDER, JUSTICE

**Concurring:**

Anderson, C.J.
Drowota, Birch, and Barker, J.J.

8