IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 3, 2021 Session

**ALLISON HAYNES v. PERRY COUNTY, TENNESSEE**

**Appeal from the Circuit Court for Perry County**
**No. 2019-CV-5     Michael E. Spitzer, Judge**

_____

**No. M2020-01448-COA-R3-CV**

_____

A gunshot victim filed a tort action against a county, alleging misconduct on the part of a sheriff's deputy. The plaintiff asserted that the county was liable under both the Governmental Tort Liability Act and Tennessee Code Annotated § 8-8-302. The county moved to dismiss the complaint. The county argued that it was immune from liability under either the discretionary function exception or the public duty doctrine. The trial court dismissed the complaint. We conclude that, because the deputy sheriff's actions as alleged in the complaint were operational in nature, the county is not immune from liability under the Governmental Tort Liability Act. The complaint also contains sufficient factual allegations of reckless misconduct such that the special duty exception to the public duty doctrine could apply. So we vacate the dismissal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated and Case Remanded**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and ANDY D. BENNETT, J., joined.

Leanne A. Thorne, Lexington, Tennessee, for the appellant, Allison Haynes.

James I. Pentecost and Haynes T. Russell, Jackson, Tennessee, for the appellee, Perry County, Tennessee.

# OPINION

## I.

Earl Gene Haynes had a history of violence. He was convicted of murdering his first wife. His second wife, Allison Haynes, accused him of domestic abuse. She obtained an order of protection against him in June 2018. When he was served, Mr. Haynes told the police officer, "I guess I just need to shoot her between the eyes and be done with it. I'm going to get violated anyway." Shortly thereafter, Mrs. Haynes voluntarily dismissed the order. Around the same time, an unknown perpetrator set fire to her car. The police suspected her husband.

Mrs. Haynes tried to escape the abusive relationship. She moved in with a friend, Cindy Keen, in a neighboring county. Still, Mr. Haynes pursued her. He called Ms. Keen multiple times, threatening to kill both women. Each time, Ms. Keen reported the threats to Investigator Rosson of the Perry County Sheriff's Department. Ms. Keen never spoke to Investigator Rosson directly, but she left him multiple voice mail messages. He never returned any of her calls.

On August 31, 2018, Mr. Haynes shot his estranged wife multiple times. Although she suffered life-threatening injuries, Mrs. Haynes survived.

Mrs. Haynes filed suit against Perry County for alleged misconduct of its employee, Investigator Rosson. She claimed that the deputy sheriff's failure to investigate the death threats and arrest Mr. Haynes was the proximate cause of her injuries. She asserted that Perry County was liable under the Governmental Tort Liability Act, Tennessee Code Annotated § 29-20-205, and the county's statutory liability for non-negligent misconduct of a deputy sheriff, Tennessee Code Annotated § 8-8-302.

Perry County moved to dismiss the complaint. The County argued that it was immune from liability based either on the discretionary function exception or the public duty doctrine. The trial court agreed with both arguments and dismissed the complaint.

## II.

We review the trial court's decision on a motion to dismiss de novo without any presumption of correctness. *Phillips v. Montgomery Cty.*, 442 S.W.3d 233, 237 (Tenn. 2014). A Rule 12.02(6) motion to dismiss "challenges only the legal sufficiency of the complaint, not the strength of the plaintiff's proof or evidence." *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011). The complaint should not be dismissed "unless it appears that the plaintiff can prove no set of facts in support of the

2

claim that would warrant relief." *Cannon Cty. Bd. of Educ. v. Wade*, 178 S.W.3d 725, 727 (Tenn. Ct. App. 2005) (citing *Doe v. Sundquist*, 2 S.W.3d 919, 922 (Tenn. 1999)).

In evaluating a motion to dismiss, we "construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences." *Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 696 (Tenn. 2002). Viewed in that light, the "complaint must contain sufficient factual allegations to articulate a claim for relief." *Abshure v. Methodist Healthcare-Memphis Hosps.*, 325 S.W.3d 98, 104 (Tenn. 2010).

A.

Under the Governmental Tort Liability Act ("GTLA"), an injured party may sue a county for the negligent acts or omissions of a county employee acting within the scope of employment. Tenn. Code Ann. § 29-20-205 (Supp. 2021). But counties are immune from liability if the injury arises from the "exercise or performance or the failure to exercise or perform a discretionary function, whether or not the discretion is abused." *Id.* § 29-20-205(1).

"[T]o some extent, every act involves discretion." *Bowers ex rel. Bowers v. City of Chattanooga*, 826 S.W.2d 427, 431 (Tenn. 1992). The discretionary function exception does not encompass every act that could be considered discretionary. *Id.* at 430; *Brown v. Hamilton Cty.*, 126 S.W.3d 43, 48 (Tenn. Ct. App. 2003) ("Decision making and the use of judgment is not synonymous with discretion for purposes of immunity."). Our supreme court has adopted a planning-operational test to determine whether a decision is discretionary within the meaning of the GTLA. *Bowers*, 826 S.W.2d at 430. This test focuses on the "type of decision" at issue, not the "identity of the decision maker." *Id.* at 430-31.

Planning or policy-making decisions are immune from liability. *Id.* at 430. Typically, these decisions are reached after "consideration or debate by an individual or group charged with the formulation of plans or policies." *Id.* at 431. They "often result from assessing priorities; allocating resources; developing policies; or establishing plans, specifications, or schedules." *Id.*; *see Helton v. Knox Cty.*, 922 S.W.2d 877, 886 (Tenn. 1996) ("The discretionary function exception covers acts involving an element of judgment or choice if they are based on considerations of public policy."). Courts are "ill-equipped to investigate and balance the numerous factors that go into an executive or legislative decision." *Bowers*, 826 S.W.2d at 431.

Operational decisions do not enjoy the same protection. *Id.* at 430. Ad hoc decisions "based on preexisting laws, regulations, policies, or standards" are operational. *Id.* at 431. But the absence of a guiding policy does not preclude a finding that the decision was operational. A negligent act or omission is operational when it is made "(1) in the

3

absence of a formulated policy guiding the conduct or omission; or (2) when the conduct deviates from an established plan or policy." *Chase v. City of Memphis*, 971 S.W.2d 380, 384 (Tenn. 1998).

According to the complaint, Ms. Keen left multiple messages for Investigator Rosson describing Mr. Haynes's threats and identifying Mrs. Haynes as one of the targets. Yet, the deputy sheriff never "return[ed] Ms. Keen's calls or otherwise sp[o]ke with Ms. Keen to investigate the threats."

We conclude that the acts alleged in the complaint are operational. Deputy sheriffs have a statutory duty to investigate criminal activity. Tenn. Code Ann. § 38-3-102(b) (2014). This duty is heightened when the complaint involves domestic abuse. *Id.* § 36-3-619(c) (2021). Mr. Haynes's threats could constitute crimes. *See id.* § 39-13-101(a)(2) (Supp. 2021) (criminal assault), § 39-13-111 (2018) (domestic assault), § 39-17-315 (2018) (stalking), § 39-17-315(c)(1) (aggravated stalking). At the very least, Investigator Rosson had a duty to respond reasonably to the report of a possible crime.[1] *See Giggers v. Memphis Hous. Auth.*, 363 S.W.3d 500, 507-08 (Tenn. 2012) (explaining that "[a]n operational decision requires that the decision-maker act reasonably when implementing preexisting policy"); *Seidner v. Metro. Gov't of Nashville-Davidson Cty.*, No. 01-A-01-9012-CV00451, 1991 WL 66440, at *3 (Tenn. Ct. App. May 1, 1991) (stating that law enforcement officer fulfilled his duty to the plaintiffs "by promptly responding to their call and making reasonable investigation of their complaint").

Taking the facts alleged in the complaint as true and giving Mrs. Haynes the benefit of all reasonable inferences, we conclude that the complaint alleged sufficient operational acts or omissions to survive the motion to dismiss. As this case develops, the proof may show otherwise.[2] Still, at this juncture, we conclude that the complaint has stated a claim for relief under the GTLA.

---

[1] Perry County complains that Mrs. Haynes failed to allege these statutes in her complaint. *See* Tenn. R. Civ. P. 8.05(1) ("Every pleading stating a claim or defense relying upon the violation of a statute shall, in a separate count or paragraph, either specifically refer to the statute or state all of the facts necessary to constitute such breach so that the other party can be duly apprised of the statutory violation charged."). The complaint plainly alleged that Investigator Rosson failed to investigate death threats against Mrs. Haynes. These allegations were sufficient to apprise Perry County of the nature of the claim.

[2] Perry County suggests that the deputy sheriff's decision involved the allocation of county resources and the assessment of department priorities. *See Bowers*, 826 S.W.2d at 431 (cautioning that "there may be occasions where an 'operational act' is entitled to immunity, where, for instance, the operational actor is properly charged with balancing policy considerations"). As the record now stands, we cannot agree.

4

B.

The motion to dismiss also relied on the public duty doctrine. The public duty doctrine "provide[s] an additional layer of defense to acts or omissions not immune under the GTLA." *Matthews v. Pickett Cty.*, 996 S.W.2d 162, 165 (Tenn. 1999). It "shields a public employee from suits for injuries that are caused by the public employee's breach of a duty owed to the public at large." *Ezell v. Cockrell*, 902 S.W.2d 394, 397 (Tenn. 1995). The duty to keep the peace is a public duty. *Hurd v. Woolfork*, 959 S.W.2d 578, 581 (Tenn. Ct. App. 1997).

Mrs. Haynes maintains that this action falls within the "special duty" exception to the public duty doctrine. *Ezell*, 902 S.W.2d at 402. If a special relationship exists between the plaintiff and the public employee, the governmental entity is not immune from suit. *Id.* at 401. A special duty of care exists when:

> 1) officials, by their actions, affirmatively undertake to protect the plaintiff, and the plaintiff relies upon the undertaking; 2) a statute specifically provides for a cause of action against an official or municipality for injuries resulting to a particular class of individuals, of which the plaintiff is a member, from failure to enforce certain laws; or 3) the plaintiff alleges a cause of action involving intent, malice, or reckless misconduct.

*Id.* at 402.

Mrs. Haynes relies on the third scenario—reckless misconduct. Our courts define recklessness as the conscious disregard of a substantial and unjustifiable risk constituting a gross deviation from the standard of care. *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896, 901 (Tenn. 1992). To survive the motion to dismiss, the complaint must do more than simply allege that Investigator Rosson was reckless. *See Webb*, 346 S.W.3d at 427 ("[C]ourts are not required to accept as true assertions that are merely legal arguments or 'legal conclusions' couched as facts."). Rather, "the facts set out in the complaint must show a level of culpability beyond mere negligence." *Kimble v. Dyer Cty.*, No. W2019-02042-COA-R3-CV, 2020 WL 7389381, at *6 (Tenn. Ct. App. Dec. 16, 2020), *perm. app. denied*, (Tenn. Apr. 7, 2021).

According to the complaint, Mr. Haynes was no stranger to law enforcement. He had a well-known history of violence. He had been convicted of killing a previous wife. And Mrs. Haynes had obtained an order of protection based on allegations of domestic abuse. When he was served with the order of protection, Mr. Haynes told the police officer that he "just need[ed] to shoot [Mrs. Haynes] between the eyes and be done with it." Although Mrs. Haynes voluntarily dismissed the protective order, Mr. Haynes remained a person of interest to the police. He was being actively investigated for burning Mrs. Haynes's car when the death threats were reported. With this background,

Investigator Rosson's failure to follow up on multiple reports that Mr. Haynes was threatening to kill his estranged wife goes beyond mere negligence.

On a motion to dismiss, we must "read the complaint with a generous eye." *Leach v. Taylor*, 124 S.W.3d 87, 92 (Tenn. 2004). Viewed in that light, we find the factual allegations in the complaint "sufficient to permit a finding that [Investigator Rosson] consciously disregarded a substantial and unjustifiable risk of such a nature that its disregard constituted a gross deviation from the standard of ordinary care." *See Karnes v. Madison Cty.*, No. W2009-02476-COA-R3-CV, 2010 WL 3716458, at *6 (Tenn. Ct. App. Sept. 23, 2010). Perry County is not clearly immune from liability under the public duty doctrine. *See Anthony v. Tidwell*, 560 S.W.2d 908, 909 (Tenn. 1977) (explaining that a complaint may be dismissed based on an affirmative defense if the defense "clearly and unequivocally appears on the face of the complaint").

As Perry County correctly points out, the GTLA only removes sovereign immunity for negligence, not recklessness. *See Doe v. Pedigo*, No. E2002-01311-COA-R3-CV, 2003 WL 21516220, at *2 (Tenn. Ct. App. June 30, 2003) (agreeing that the GTLA only removes liability for negligent acts or omissions). Even so, the complaint also asserted liability based on Tennessee Code Annotated § 8-8-302. That statute removes sovereign immunity for non-negligent acts or omissions of a deputy sheriff if, at the time of the injury, the deputy sheriff is "acting by virtue of or under color of the office." Tenn. Code Ann. § 8-8-302; *Jenkins v. Loudon Cty.*, 736 S.W.2d 603, 609 (Tenn. 1987), *abrogated in part by Limbaugh v. Coffee Med. Ctr.*, 59 S.W.3d 73 (Tenn. 2001). So if Investigator Rosson recklessly failed to perform the duties of his office, Perry County could possibly be liable on this basis.[3]

## III.

Construing the complaint liberally in favor of Mrs. Haynes, we conclude that Investigator Rosson's actions were operational. So the trial court erred in dismissing the complaint based on the discretionary function exception. While the duty to keep the peace is a public duty, the complaint also contains adequate factual allegations of recklessness to avoid dismissal based on the public duty doctrine. So we vacate the dismissal of the complaint and remand for further proceedings consistent with this opinion.

s/ W. Neal McBrayer
W. NEAL MCBRAYER, JUDGE

---

[3] Because we conclude that Investigator Rosson's decision did not fall within the discretionary function exception, we do not address whether this exception also applies to Mrs. Haynes's non-GTLA claim. *See* Tenn. Code Ann. § 8-8-302 (2016).